## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **DICKSTEIN SHAPIRO LLP** | ) | |
| **1825 Eye Street, NW** | ) | |
| **Washington, DC 20006-5403,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | **Civil Action No. _____** |
| | ) | |
| **DEPARTMENT OF DEFENSE** | ) | |
| **Office of Freedom of Information** | ) | |
| **1155 Defense Pentagon** | ) | |
| **Washington, DC 20301-1155** | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **DEPARTMENT OF THE NAVY** | ) | |
| **Naval Criminal Investigative Service** | ) | |
| **Headquarters** | ) | |
| **716 Sicard Street, SE, Suite 2000** | ) | |
| **Washington Navy Yard, DC 20388-5380** | ) | |
| | ) | |
| *Defendants*. | ) | |

_____)

## COMPLAINT FOR INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*,
for injunctive and other appropriate relief, including the immediate disclosure and release of
government records improperly withheld from Plaintiff by Defendant Department of Defense
("DOD") and its components, including Defendant Department of the Navy, Naval Criminal
Investigative Service ("NCIS").

## JURISDICTION AND VENUE

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction
over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this

action pursuant to 28 U.S.C. § 1331.  Venue lies in this District pursuant to 5 U.S.C.

§ 552(a)(4)(B).

PARTIES

3.      Plaintiff Dickstein Shapiro LLP is a private law firm with its principal place of business

in Washington, DC.  Dickstein Shapiro represents clients that include large corporations,

entrepreneurs, financial institutions, and charitable organizations, as well as a variety of *pro bono*

clients.

4.      Defendant DOD is a Department of the Executive Branch of the United States

Government.  DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1).

5.      Defendant NCIS is a component of the Department of the Navy, which is a component of

Defendant DOD.  NCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

PLAINTIFF'S NEED FOR AND DEFENDANTS' POSSESSION OF<br/>THE REQUESTED RECORDS

6.      Since approximately January 2002, DOD has been operating a detention camp at the

United States Naval Station at Guantánamo Bay, Cuba, where it imprisons hundreds of people

whom the United States purportedly suspects of terrorist activity or ties.  In most cases, these

individuals are held indefinitely without charge, without access to counsel, and without any

knowledge of the reason for their detention or any ability to challenge it.

7.      On December 22, 2005, Dickstein Shapiro attorneys working on a *pro bono* basis filed a

petition for writ of *habeas corpus* on behalf of Guantánamo detainee and Yemeni national Salah

Ali Abdullah Ahmed Al Salami, who had been held without charge at the prison since, upon

information and belief, at least September 2004.  (*See* Pet. For Writ of Habeas Corpus, *Al*

*Salami, et al. v. Bush, et al.*, No. 1:05-cv-02452-PLF (D.D.C. filed Dec. 22, 2005); First Am. Pet.

2

of Habeas Corpus, *Al Salami, et al. v. Bush, et al.*, No. 1:05-cv-02452-PLF (D.D.C. filed Dec. 29, 2005).)

## Defendants' Investigation of the Death of Plaintiff's Client

8.      On or about June 10, 2006, even as Dickstein Shapiro attorneys were coordinating a trip to Guantánamo to visit their client Al Salami for the first time, he and two other detainees allegedly took their own lives by hanging themselves in their cells.

9.      Because the Department of the Navy has primary jurisdiction over Guantánamo Bay, Defendant NCIS was charged with the investigation of the three detainee deaths.  NCIS began its investigation on June 10, 2006.  (Decl. of Rear Admiral Harry B. Harris ¶ 2; Decl. of NCIS Special Agent in Charge Carol Kisthardt ("Kisthardt Decl.") ¶¶ 2-3, attached as Exs. A-B to Resp'ts' Mot. for Procedures Relating to Review of Certain Detainee Materials and Req. for Expedited Briefing, *Hicks (Rasul) v. Bush*, No. 02-CV-0299 (CKK), *et al.* (D.D.C. filed July 7, 2006).)  NCIS completed its search for and collection of handwritten materials from "enemy combatant" detainees' cells on June 14, 2006 (Kisthardt Decl. ¶ 4) and began sorting the materials collected from detainees' cells on June 18, 2006 (*id.* ¶ 5).  Judge Robertson of this Court entered an order allowing NCIS's review of the materials to proceed on September 15, 2006.  (Mem. Order, *Khadar v. Bush*, No. 04-1136 (JDB), *et al.* (D.D.C. Sept. 15, 2006).)  Defendant NCIS maintains that the investigation is still ongoing, more than a year later.

10.     Defendant DOD conducted an autopsy of Al Salami (*see* Resp'ts' Opp'n to Pet'rs' Mot. for Preservation Order, *Al Salami, et al. v. Bush, et al.*, No. 1:05-cv-02452-PLF, at 8 (D.D.C. filed June 29, 2006)), the report of which never has been made available to the public or to Plaintiff Dickstein Shapiro in its capacity as *habeas* counsel.  Nor has any information obtained in the autopsy been made public.

DSMDB-2356634v02

11.    Dickstein Shapiro never has received records relating to the detention of Al Salami, including either Combatant Status Review Tribunal ("CSRT") or Administrative Review Board ("ARB") transcripts.  Even after the alleged suicides at Guantánamo, Dickstein Shapiro attorneys were unable to gain access to any evidence about Al Salami's detention, the circumstances of his death, or even documentation of his death.  Consequently, on June 19, 2006, Dickstein Shapiro attorneys moved in this Court for an emergency order to preserve evidence on the grounds that, absent the Court's intervention, the evidence concerning Al Salami's detention and death is at risk of destruction, alteration, or loss at the hands of the very persons and agencies who were responsible for his detention and potentially culpable in his ultimate death.  (Emergency Mot. for Preservation Order, *Al Salami, et al. v. Bush, et al.*, No. 1:05-cv-02452-PLF (D.D.C. filed June 19, 2006).)[1]

12.    Defendants DOD and/or NCIS possess evidence relevant to the detention and death of Al Salami.  DOD and/or NCIS possess records concerning his capture, detention, interrogations, medical and mental condition, and behavior while in the custody of the United States, as well as records concerning his death, including alleged suicide notes and other writings, investigative reports, photographs, an autopsy report, and, upon information and belief, several of Al Salami's bodily organs.  *See, e.g.*, Kisthardt Decl., *supra*, ¶¶ 3-5; ABC News, *Prison Boss: No Innocent Men in Guantanamo* (June 27, 2006), *available at* http://abcnews.go.com/print?id=2126364 (quoting Rear Admiral Harry B. Harris).

### Questions Raised About DOD's Account Of The Deaths

13.    A number of media reports following the alleged suicides questioned the veracity of the scant information provided by DOD about the deaths, and several commentators identified

---

[1] The Court has not ruled on the motion for preservation order.

DSMDB-2356634v02

inconsistencies raising serious concerns about the true circumstances of the deaths.  *See, e.g.*, Adam Beaumont, *Doubt cast over Guantanamo "suicides"*, swissinfo (Mar. 2, 2007), *available at* http://www.swissinfo.org/eng/top_news/detail/Doubt_cast_over_Guantanamo_suicides.html? siteSect=106&sid=7581369&cKey=1172924553000.

14.     There is legitimate concern that Defendants may conceal, alter, or destroy records pertaining to the detention and death of Al Salami.  The FBI has documented efforts by DOD to cover up the physical abuse of detainees.  *See* Federal Bureau of Investigation, Urgent Report to the Director, dated June 25, 2004.  An FBI e-mail confirms that unnamed individuals "observed numerous physical abuse incidents  . . . includ[ing] strangulation, beatings, placement of lit cigarettes into the detainees['] ear openings, and unauthorized interrogations." *Id.* at 2. Moreover, *The New York Times* has reported that two prisoners in DOD custody were murdered by their U.S. military jailers, and that the U.S. Army's own investigation into detainee abuse in that case was prejudiced because "crucial witnesses were not interviewed, documents disappeared, and at least a few pieces of evidence were mishandled."  Tim Golden, *Army Faltered in Investigating Detainee Abuse*, N.Y. Times (May 22, 2005), *available at* http://www.nytimes.com/2005/05/22/international/asia/22abuse.html.

15.     On June 15, 2006, the government of Yemen called upon DOD to conduct a further investigation into the death of Al Salami.  Reuters reported that "[t]he families of the three detainees have questioned the circumstances of their deaths, saying the men, all devout Muslims, would not have committed suicide.  Islam prohibits suicide and promises harsh, after-life punishment for those who take their own lives."  *See* Reuters, *Yemen asks U.S. to probe Guantanamo detainee death* (June 15, 2006).

///

DSMDB-2356634v02

## Independent Autopsy Yields More Questions, Unanswered By DOD

16.     Following the repatriation of Al Salami's body to Yemen, a second autopsy was
performed in Yemen on June 21, 2006, at the request of the family of the deceased, by
independent pathologists led by Dr. Patrice Mangin, Director of the University Institute of Legal
Medicine at Lausanne, Switzerland.  Dr. Mangin and his colleagues concluded that, while
suicide could not be excluded as the manner of death, the actual cause of death could not be
definitively determined due to a number of unexplained observations and the absence of several
key bodily organs (presumably retained by DOD).

17.     Dr. Mangin and his colleagues identified a number of questions that remained after the
second autopsy.  On June 29, 2006, Geneva-based Alkarama For Human Rights, who had
arranged for Mangin's team to perform the autopsy, sent a letter to Dr. Craig T. Mallak, Armed
Forces Medical Examiner, requesting answers to those questions, as well as copies of the DOD
autopsy and investigative reports and the return of Al Salami's missing organs.  Letter from
Rachid Mesli, Legal Director, Alkarama For Human Rights, to Craig T. Mallak, Armed Forces
Medical Examiner (June 29, 2006) (on file with Plaintiff).  Upon information and belief, no
response to that letter was received.

## THE FOIA REQUEST, DENIALS, APPEAL AND DENIAL

18.     On June 14, 2007, on behalf of Plaintiff, Dickstein Shapiro attorney Lisa Marie Kaas
filed an electronic request for records from Defendant DOD pursuant to FOIA, including:

> All documents, including but not limited to photographs, video tapes,
> memoranda, reports, and electronic mail or other digital media, relating in
> any way to the detention at Guantánamo Bay, Cuba of Salah Ali Abdullah
> Ahmed Al Salami, whose ISN at Guantánamo Bay was 693, as well as all
> documents, including but not limited to photographs, video tapes,
> memoranda, reports, and electronic mail or other digital media, relating in
> any way to the death of Salah Ali Abdullah Ahmed Al Salami, ISN 693, at
> Guantánamo Bay in June 2006.

DSMDB-2356634v02

E-mail from FOIA Request System to Lisa Marie Kaas, Dickstein Shapiro LLP (June 14, 2007, 3:34PM) (attached hereto as Ex. 1).

19.     Defendant DOD's Office of Freedom of Information sent an "interim response" letter to Plaintiff on July 12, 2007, requesting a response concerning the total amount of fees Plaintiff was willing to pay to process the portion of Plaintiff's request for records relating to the detention at Guantánamo Bay of Al Salami, and stating that the portion of Plaintiff's request for records relating to the death of Al Salami was being referred to NCIS for direct response.  Letter from Will Kammer, Chief, DOD Office of Freedom of Information, to Lisa Marie Kaas (July 12, 2007) (attached hereto as Ex. 2).

### Defendant NCIS Wrongfully Denies The "Death Records" Portion Of Plaintiff's FOIA Request

20.     LCDR C.D. Connor of NCIS responded to Plaintiff's request by letter dated August 16, 2007, stating that the records requested were "currently exempt from disclosure because the investigation is still pending" and that producing the requested records "reasonably can be expected to interfere with enforcement proceedings," citing 5 U.S.C. § 552(b)(7)(A).  Letter from LCDR C.D. Connor, JAGC, Dep't of Navy, NCIS to Lisa Marie Kaas (Aug. 16, 2007) (attached hereto as Ex. 3).  Defendant NCIS's letter did not provide any further information concerning the denial of Plaintiff's request.

21.     In denying Plaintiff's request on the basis of 5 U.S.C. § 552(b)(7)(A), Defendant NCIS failed to articulate the facts necessary to prove that this exemption applies.

22.     Defendant NCIS also failed to provide "any reasonably segregable portion" of the records requested to which the above exemption would not apply, as required by 5 U.S.C. § 552(b), nor did it explain whether the records had been reviewed to determine whether such a reasonably segregable portion exists.

DSMDB-2356634v02

23.     Defendant NCIS further failed to estimate the volume of requested information that was being denied.

24.     Defendant NCIS wrongfully has withheld the requested records from Plaintiff.

**The Department Of The Navy Fails To Timely Respond To Plaintiff's FOIA Appeal**

25.     Plaintiff timely filed an appeal of NCIS's denial of the FOIA request on October 11, 2007, which was mailed to the Secretary of the Navy's designee as instructed in NCIS's letter. Letter from Lisa M. Kaas to Office of the Judge Advocate General (Oct. 11, 2007) (attached hereto as Ex. 4).  The appeal letter requested a response within twenty (20) working days in accordance with FOIA requirements.  No response was received during the statutory period.  Nor have Defendants demonstrated that any unusual or exceptional circumstances precluded their timely response.

26.     The Department of the Navy responded to Plaintiff's FOIA appeal by letter dated December 3, 2007 from Commander J.A. Protin, stating that, "In order to adequately respond to your appeal, I have requested that NCIS conduct further review of potentially responsive documents.  Once this additional review is completed, I will assess the merits of your appeal and immediately inform you of my decision."  Letter from J.A. Protin, Commander, JAGC, Dep't of Navy to Lisa M. Kaas (Dec. 3, 2007) (attached hereto as Ex. 5).  Commander Protin described no unusual or exceptional circumstances that precluded his timely response to Plaintiff's appeal.

27.     Plaintiff responded by letter dated December 13, 2007, noting the delinquency of the Navy's response to the appeal and requesting a final decision within twenty (20) working days. Letter from Lisa M. Kaas to J.A. Protin (Dec. 13, 2007) (attached hereto as Ex. 6).

///

///

8

## The Department Of The Navy Denies Plaintiff's FOIA Appeal

28.      Commander J.A. Protin sent a further response letter to Plaintiff dated January 18, 2008,

concluding that NCIS's denial of Plaintiff's FOIA request was proper and denying Plaintiff's

appeal.  Letter from J.A. Protin to Lisa M. Kaas (Jan. 18, 2008) (attached hereto as Ex. 7).

Commander Protin stated that a member of the Navy JAG staff had confirmed with NCIS that

the investigation concerning Al Salami was still open.  The Commander further stated that NCIS

had completed a further review of potentially responsive documents and concluded that "the

documents were not reasonably segregable and that release of information could reasonably be

expected to harm the investigation."  *Id.*

29.      Commander Protin's letter summarily denying Plaintiff's appeal did not address all of the

bases for Plaintiff's appeal, specifically, NCIS's failure to articulate the facts necessary to prove

that its claimed exemption under 5 U.S.C. § 552(b)(7)(A) applies, and NCIS's failure to estimate

the volume of requested information that was denied.  *See id.*

30.      Commander Protin's letter denying Plaintiff's appeal advised that Plaintiff may seek

judicial review of the denial.  *See id.*

31.      Plaintiff has exhausted the applicable administrative remedies with respect to that portion

of its FOIA request to DOD that was transferred to NCIS.

## Defendant DOD Wrongfully Denies The "Detention Records" Portion Of Plaintiff's FOIA Request

32.      Defendant DOD's July 12, 2007 "interim response" letter stated that "the remaining

portion of [Plaintiff's] request for records relating to the detention at Guantánamo Bay Cuba of

Salah Ali Abdullah Ahmed Al Salami, ISN 693" would be placed on "administrative hold"

pending a written response concerning the total amount of fees Plaintiff was willing to pay to

process the request.  Letter from Will Kammer to Lisa Marie Kaas (July 12, 2007) (Ex. 2).

DSMDB-2356634v02

Plaintiff responded to the DOD Office of Freedom of Information by letter dated August 1, 2007, stating that it was willing to pay $2,000 to process the entirety of the request.  Letter from Lisa M. Kaas to Will Kammer (Aug. 1, 2007) (attached hereto as Ex. 8).  To date, more than six months later, no response to that letter has been received and Defendant DOD has not provided the requested records to Plaintiff, notwithstanding the FOIA's requirement of an agency response within twenty (20) working days.  Nor has Defendant DOD demonstrated that any unusual or exceptional circumstances precluded its timely response.

33.     Defendant DOD has constructively denied Plaintiff's FOIA request.

34.     Plaintiff has exhausted the applicable administrative remedies with respect to the remaining portion of its FOIA request to DOD.

35.     Defendant DOD wrongfully has withheld the requested records from Plaintiff.

RELIEF REQUESTED

WHEREFORE, Plaintiff Dickstein Shapiro prays that this Court:

A.  Order Defendants immediately to disclose the requested records in their entireties and make copies available to Plaintiff;

B.  Enjoin Defendants from relying without justification upon the exemption provided in 5 U.S.C. § 552(b)(7)(A) in future processing of FOIA requests relating to Guantánamo Bay detainees;

C.  Provide for expeditious proceedings in this action;

D.  Award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

E.  Grant such other relief as the Court may deem just and proper.

///

///

DSMDB-2356634v02

Dated:  February 11, 2008                    Respectfully submitted,

                                             DICKSTEIN SHAPIRO LLP


                                             _____/s/ David L. Engelhardt_____
                                             Frank C. Razzano (DC360173)
                                             David L. Engelhardt (DC429886)
                                             Lisa M. Kaas (DC492302)
                                             Erin C. Wilcox (DC application pending)
                                             1825 Eye Street NW
                                             Washington, DC 20006-5403
                                             Telephone:  (202) 420-2200
                                             Facsimile:  (202) 420-2201

11

DSMDB-2356634v02

**Kaas, Lisa**

| | |
|---|---|
| **From:** | FOIA Request System [nobody@dtic.mil] |
| **Sent:** | Thursday, June 14, 2007 3:34 PM |
| **To:** | Kaas, Lisa |
| **Subject:** | Freedom of Information Act Request Confirmation |

*** THIS IS AN AUTOMATED MESSAGE.  DO NOT REPLY. ***

This is your confirmation that we have received your FOIA request.  Please note that it will be date-stamped as "received" on the next official business day.

You provided the following information:

```
Submitted:    [14/Jun/2007:15:33:47]
Name:         Lisa Marie Kaas
Organization: Dickstein Shapiro LLP
Phone number: 2024202733
E-mail:       KaasL@dicksteinshapiro.com

Address 1:    1825 Eye Street NW
Address 2:
City:         Washington
State:        DC
ZIP Code:     20006-5403
Country:      USA
```

Your Request:

All documents, including but not limited to photographs, video tapes, memoranda, reports, and electronic mail or other digital media, relating in any way to the detention at Guantanamo Bay, Cuba of Salah Ali Abdullah Ahmed Al Salami, whose ISN at Guantanamo Bay was 693, as well as all documents, including but not limited to photographs, video tapes, memoranda, reports, and electronic mail or other digital media, relating in any way to the death of Salah Ali Abdullah Ahmed Al Salami, ISN 693, at Guantanamo Bay in June 2006.

Willing To Pay: $ 50.00

--
Submitted via http://www.dod.mil/pubs/foi/foirequest.html

```
Sender Information:
    REMOTE_HOST: 207.138.234.69
    REMOTE_ADDR: 207.138.234.69
    Browser:     Mozilla/4.0 (compatible; MSIE 6.0; Windows NT 5.1; SV1; .NET CLR
1.1.4322)
    E-mail:      KaasL@dicksteinshapiro.com
```

**EXHIBIT 1**



**DEPARTMENT OF DEFENSE**
**OFFICE OF FREEDOM OF INFORMATION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

1 2 JUL 2007

Ref: 07-F-1952

Lisa Marie Kaas
Dickstein Shapiro LLP
1825 Eye Street, NY
Washington, D.C. 20006-5403

Dear Ms. Kaas:

This is an interim response to your electronic Freedom of Information Act (FOIA) request dated June 14, 2007, for records relating to the detention at Guantanamo Bay, Cuba of Salah Ali Abdullah Ahmed Al Salami, whose ISN was 693, as well as all documents relating to the death of Salah Ali Abdullah Ahmed Al Salami, ISN 693. We received your request on June 14, 2007 and assigned it FOIA case number 07-F-1952.

Based on the information provided in your request, I have determined that you should be placed in the "commercial" category for fee purposes. Processing will be assessed at the established DoD fee rates of: clerical search and review time--$20 per hour; professional search and review time--$44 per hour; executive search and review time--$75 per hour; and document reproduction at $0.15 per page.

We are referring that part of your request that concerns records relating to the death of Salah Ali Abdullah Ahmed Al Salmi, ISN 693 to the Naval Criminal Investigative Service (NCIS) for direct response to you. You may correspond with the Navy at the following address:

Naval Criminal Investigative Service
716 Sicard Street, SE
Suite 2000
Washington, D.C. 20388

Regarding the remaining portion of your request for records relating to the detention at Guantanamo Bay Cuba of Salah Ali Abdullah Ahmed Al Salami, ISN 693, we anticipate that the processing costs to respond to this portion of the request will exceed the $50 you are willing to pay to process this request. As a commercial category requester you are responsible for all costs incurred in the processing of this request. I am placing this portion of your request on administrative hold pending a written response from you concerning the total amount of fees you are willing to pay to process this request.

Sincerely,

fₒⱼ Will Kammer
Chief

**EXHIBIT 2**



# DEPARTMENT OF THE NAVY
### HEADQUARTERS
NAVAL CRIMINAL INVESTIGATIVE SERVICE
716 SICARD STREET SE SUITE 2000
WASHINGTON NAVY YARD DC 20388-5380

5720 F07-0970
SEROOLJF/7U1368

AUG 16 2007

Ms. Lisa Marie Kaas
Dickstein Shapiro, LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403

Dear Ms. Kaas:

This responds to your June 14, 2007 electronic Freedom of Information request seeking information pertaining to the death of Salah Ali Abudullah Ahmed Al Salami. Your request was forwarded to us for processing by the Department of Defense, Office of Freedom of Information and was received in this office on July 19, 2007.

The information you seek is currently exempt from disclosure because the investigation is still pending. Per the provisions of 5 U.S.C. Section 552 (the Freedom of Information Act) at subsection (b)(7)(A), law enforcement records are exempt if the production of the records at the time requested reasonably can be expected to interfere with enforcement proceedings. You may renew your request upon the conclusion of the investigation.

As the official responsible for the denial of your request, I am advising you of your right to appeal this determination. Your appeal must be postmarked within 60 calendar days from the date of this letter. An appeal should be addressed to the Secretary of the Navy's designee: Office of the Judge Advocate General, (Code 14), 1322 Patterson Avenue, S.E., Suite 3000, Washington Navy Yard, D.C. 20374-5066. The envelope and letter should bear the annotation "FOIA Appeal."

If you have any questions concerning your request, please do not hesitate to contact our office at (202) 433-9290.

Sincerely,

C. D. Connor

LCDR C. D. CONNOR
JAGC        USN
**AUTH: 10 USC 1044a**

**EXHIBIT 3**

**DICKSTEIN** SHAPIRO LLP

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com

October 11, 2007

Office of the Judge Advocate General (Code 14)
1322 Patterson Avenue, S.E.
Suite 3000
Washington Navy Yard
Washington, D.C.  20374-5066

Re:     **Freedom of Information Act Appeal**
        NCIS File No. 5720 F07-0970

Dear Sir/Madam:

I submit this appeal on behalf of Dickstein Shapiro LLP pursuant to the Freedom of Information
Act ("FOIA"), 5 U.S.C. § 552.  This appeal is timely, as it is postmarked within 60 days after the
date of the initial denial of my request, attached hereto as Enclosure (1).

On June 14, 2007, I sought the following records on behalf of Dickstein Shapiro LLP:

> All documents, including but not limited to photographs, video tapes,
> memoranda, reports, and electronic mail or other digital media, relating in
> any way to the detention at Guantanamo Bay, Cuba of Salah Ali Abdullah
> Ahmed Al Salami, whose ISN at Guantanamo Bay was 693, as well as all
> documents, including but not limited to photographs, video tapes,
> memoranda, reports, and electronic mail or other digital media, relating in
> any way to the death of Salah Ali Abdullah Ahmed Al Salami, ISN 693, at
> Guantanamo Bay in June 2006.

*See* Enclosure (2).  On August 16, 2007, LCDR C.D. Connor stated in the Navy's response that
"[t]he information you seek is currently exempt from disclosure because the investigation is still
pending" and cited 5 U.S.C. § 552(b)(7)(A).  *See* Enclosure (1).

I respectfully submit that the Navy's decision to withhold the requested information was in error.
I base my appeal on the following three grounds:

I.  Exemption 7(A) does not apply to the requested information.

II.  The Navy failed to provide segregable, disclosable information from otherwise non-
     releasable records.

III.  The Navy failed to provide a reasonable estimate of the amount of withheld information.

**EXHIBIT 4**

Washington, DC  |  New York, NY  |  Los Angeles, CA                        DSMDB.2332106.01

**DICKSTEIN**SHAPIRO**LLP**

Office of the Judge Advocate General (Code 14)
October 11, 2007
Page 2


I. Exemption 7(A) does not apply.

Exemption 7(A) of the FOIA authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that such production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To invoke the protection of Exemption 7(A), the government must prove two things: (1) that a law enforcement proceeding is pending or prospective, and (2) that the release of the requested information could reasonably be expected to cause some articulable harm. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 244 (1978).

The Navy has failed to meet either requirement. In its response, LCDR Connor simply stated that the investigation regarding the death of Salah Ali Abdullah Ahmed Al Salami is still pending. The Navy, however, has failed to describe this investigation with any specificity, much less prove that any such investigation will likely lead to a prospective law enforcement proceeding. The Navy also has failed to articulate any particular harm that could reasonably result from the disclosure of the requested documents. The Navy, therefore, has not met its burden in justifying nondisclosure of the requested information.

II. The Navy has failed to provide segregable, discloseable information.

The FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). In the Navy's response, LCDR Connor did not indicate whether there had been a review of the records to determine whether there existed any reasonably segregable information that must be released by law. Nor did LCDR Connor specifically state that it was not reasonable to segregate portions of the record for release. Even if Exemption 7(A) authorizes the withholding of some of the requested information, the Navy still must review the documents and produce reasonably segregable documents or portions of documents.

III. The Navy has failed to estimate the volume of denied information.

The FOIA requires an agency, when it denies an initial request in full or in part, to "make a reasonable effort to estimate the volume of any requested matter" which is denied, and to "provide any such estimate to the person making the request, unless providing such estimate would harm an interest protected by the exemption" pursuant to which the denial is made. 5 U.S.C. § 552(a)(6)(F). In the Navy's response, LCDR Connor did not provide such an estimate, did not indicate whether a reasonable effort had been made to make such an estimate, and did not state that providing such an estimate would harm an interest protected by Exemption 7(A). The Navy either should provide this information or should articulate the interest that would be harmed by providing such an estimate.

**DICKSTEIN**SHAPIRO**LLP**

Office of the Judge Advocate General (Code 14)
October 11, 2007
Page 3


For these reasons, I respectfully appeal the denial of my initial request for information relating to the detention and death of Salah Ali Abdullah Ahmed Al Salami. I request a response to this appeal within 20 working days.

Sincerely,

Lisa M. Kaas
(202) 420-2733
kaasl@dicksteinshapiro.com

Enclosures:
(1) Letter from LCDR C.D. Connor, Naval Criminal Investigative Service, dated 8/16/07
(2) FOIA Request Confirmation, dated 6/14/07



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5720
F08008
SER SCR/059
3 DEC 07

Lisa M. Kaas
Dickstein Shapiro, LLP
1825 Eye Street, NW
Washington D.C. 20006-5403

Dear Ms. Kaas:

SUBJECT:  FREEDOM OF INFORMATION ACT (FOIA) APPEAL ICO SALAH
          ALI ABDULLAH AHMED AL SALAMI

     This responds to your FOIA appeal of October 11, 2007.  You
challenge the Naval Criminal Investigative Service's (NCIS's)
denial of your initial FOIA request of August 16, 2007.  NCIS
denied your request on the grounds that the information was exempt
from release under exemption (b)(7)(A).

     In order to adequately respond to your appeal, I have
requested that NCIS conduct further review of potentially
responsive documents.  Once this additional review is completed, I
will assess the merits of your appeal and immediately inform you
of my decision.

                              Sincerely,

                              J. A. Protin
                              Commander, JAGC, US Navy
                              Deputy Assistant Judge Advocate General
                              (General Litigation)

**EXHIBIT 5**

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com

December 13, 2007

J.A. Protin
Commander, JAGC, US Navy
Office of the Judge Advocate General
Department of the Navy
Washington Navy Yard
1322 Patterson Avenue, SE, Suite 3000
Washington, DC 20374-5066

Re:    **Freedom of Information Act Appeal**
       **Your Reference # 5720 F08008 SER SCR/059**

Dear Commander Protin:

Thank you for your letter of December 3, 2007 in response to my FOIA appeal dated October 11, 2007 regarding the improper denial of my FOIA request by the Naval Criminal Investigative Service ("NCIS"). Your letter states that you have requested that NCIS perform a "further review of potentially responsive documents" in order that you may adequately respond to my appeal.

I note that, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), the period in which a response to this appeal was due lapsed 20 working days after your office's receipt of the appeal (*i.e.,* sometime in mid November), with no request from your office for additional time or notification of any unusual circumstances precluding your timely response. In light of your letter stating that NCIS is now conducting a further review, I request your final decision regarding this appeal within 20 working days. Please feel free to contact me at 202-420-2733 should your office have any questions.

Best regards,

Lisa M. Kaas

**EXHIBIT 6**



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5720
F08008
SER SCR/99
18 JAN 2008

Lisa M. Kaas
Dickstein Shapiro, LLP
1825 Eye Street, NW
Washington D.C. 20006-5403

Dear Ms. Kaas:

SUBJECT:   FREEDOM OF INFORMATION ACT (FOIA) APPEAL ICO SALAH
           ALI ABDULLAH AHMED AL SALAMI

    This responds to your FOIA appeal of October 11, 2007.  You
challenge the Naval Criminal Investigative Service's (NCIS's)
denial of your initial FOIA request of August 16, 2007.  NCIS
denied your request on the grounds that the information was exempt
from release under exemption (b)(7)(A).

    As stated in the correspondence to you on December 3, 2007, I
requested that NCIS conduct further review of its initial denial.
This review is complete and I have assessed the merits of your
appeal.  A member of my staff contacted NCIS and confirmed that
the investigation concerning Al Salami is still open.
Additionally, NCIS reviewed the investigation file and determined
that the documents were not reasonably segregable and that release
of information could reasonably be expected to harm the
investigation.  Accordingly, I have determined that NCIS's denial
was proper and I therefore deny your appeal.

    As the Secretary of the Navy's designee, I am responsible for
this final denial of your appeal.  You may seek judicial review of
this decision.

                          Sincerely,

                          J. A. Protin
                          Commander, JAGC, US Navy
                          Deputy Assistant Judge Advocate General
                          (General Litigation)

EXHIBIT 7

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com

August 1, 2007

Will Kammer
Chief
Office of Freedom of Information
Department of Defense
1155 Defense Pentagon
Washington, DC 20301-1155

Re:    FOIA Case No. 07-F-1952

Dear Mr. Kammer:

Thank you for your letter of July 12 in response to the subject FOIA request of June 14, 2007.
The maximum amount I am willing to pay to process this request is $2,000.  That maximum
amount applies to the entirety of the request, including the portion of the request which your
office referred to the Naval Criminal Investigative Service ("NCIS").

In that regard, please be aware that I have not received a response to the portion of my request
that was referred to NCIS, as was required within 20 business days pursuant to 5 U.S.C. §
552(a)(6)(A)(i).

Please feel free to contact me at 202-420-2733 should there be any questions concerning this
request.

Best regards,

Lisa M. Kaas

EXHIBIT 8

Washington, DC  |  New York, NY  |  Los Angeles, CA

DSMDB.2298065.01

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

Case: 1:08-cv-00226
PLF

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dickstein Shapiro LLP | Department of Defense, Office of Freedom of Information Department of the Navy, Naval Criminal Investigative Service |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Dickstein Shapiro LLP<br>1825 Eye Street, NW<br>Washington, DC 20006-5403 | ATTORNEYS (IF KNOWN)<br><br>Case: 1:08-cv-00226<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 2/11/2008<br>Description: FOIA/Privacy Act |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ● I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original    ○ 2 Removed    ○ 3 Remanded from    ○ 4 Reinstated    ○ 5 Transferred from    ○ 6 Multi district    ○ 7 Appeal to
 Proceeding     from State          Appellate Court      or Reopened      another district         Litigation          District Judge
                Court                                                     (specify)                                    from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

This is an action under the Freedom of Information Act, 5 U.S.C. Section 552 et seq., for injunctive and other relief for wrongful withholding of records.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ [ _ _ _ _ _ _ _ ]   Check YES only if demanded in complaint<br>JURY DEMAND:   YES ☐   NO ☒ |
|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☒   NO ☐   If yes, please complete related case form. |
|---|---|---|

DATE  February 11, 2008    SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.