IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICKSTEIN SHAPIRO LLP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF DEFENSE ) <br> Office of Freedom of Information, ) <br> ) <br> and ) <br> ) <br> DEPARTMENT OF THE NAVY ) <br> Naval Criminal Investigative Service Hdqtrs, ) <br> ) <br> Defendants. ) | Civil Action No. 08-0226 (PLF) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF**

Defendants, the United States Department of Defense, Office of Freedom of Information, and United States Department of the Navy, Naval Criminal Investigative Service Headquarters, answer Plaintiff's Complaint for Injunctive Relief as follows:

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that the request exceeds relief authorized by the FOIA.

**THIRD DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Defendants have properly withheld the requested records.

## FIFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## SIXTH DEFENSE

Defendants answer the numbered paragraphs of Plaintiff's Complaint for Injunctive Relief as follows:

1.  This paragraph constitutes plaintiff's characterization of its action and conclusions of law as to which no response is required but to the extent a response is required, they are denied.

## JURISDICTION AND VENUE

2.  The allegations in this paragraph contain conclusions of law to which no response is required but to the extent a response is required, they are denied.

## PARTIES

3.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

4.  Defendants admit the allegations in this paragraph.

5.  Defendants admit that the Naval Criminal Investigative Service is part of the executive branch of the Government of the United States of America. Defendants deny the remaining allegations of this paragraph.

## STATEMENT OF FACTS

6.  Defendants admit that DOD has been operating a detention camp at the United States Naval Station at Guantanamo Bay, Cuba. Defendants deny the remaining allegations of this paragraph.

7.  Defendants admit that plaintiff filed a petition for habeas corpus on behalf of Guantanamo detainee Salah Ali Abdullah Ahmed Al Salami on a pro bono basis. Defendants deny the remaining allegations in this paragraph.

8. Defendants admit that Al Salami and two other detainees died while in custody on or about June 10, 2006, through apparent suicides. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

9. Defendants admit that the investigation referenced in the final sentence of this paragraph is ongoing.  As to the sentences in this paragraph which purport to describe portions of the Declaration of Rear Admiral Harry B. Harris, the Declaration of NCIS Special Agent in Charge Carol Kisthardt, and the Order of Judge Robinson, dated September 15, 2006, the Court is referred to those documents for the terms thereof.  The remaining allegations in this paragraph are plaintiff's characterization of proceedings and conclusions of law as to which no response is required but to the extent a response is required, they are denied

10. Defendants admit that the circumstances of the detainees' deaths are the subject on an ongoing investigation and that autopsies have been conducted and results of those autopsies have not been publicly released.  The remaining allegations in this paragraph are denied.

11. Defendants admit that plaintiff moved for the relief described in this paragraph and refer the Court to the motion papers described therein for the terms thereof. The remaining allegations contained in this paragraph are denied.

12. Defendants deny the first sentence of this paragraph.  Defendants also admit that the records concerning the detainees' incarceration and deaths are part of  an ongoing investigation.  The remaining allegations contained in this paragraph are denied.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

14. Defendants deny the first sentence of this paragraph.  Defendants refer the Court to FBI Urgent Report to the Director, dated June 25, 2004, and Tim Golden, *Army Faltered In Investigating Detainee Abuse,* NY Times (May 22, 2005) for the terms thereof.  Defendants deny the remaining allegations in this paragraph.

15. Defendants refer the Court to Reuters, *Yemen asks U.S. to probe Guantanamo detainee death* (June 17, 2006) for the terms thereof. Defendants lack sufficient knowledge or information to form a belief as to the truth of remaining allegations in this paragraph and they are therefore denied.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

17. Defendants refer the Court to the referenced letter from Rachid Mesli to Craig T. Mallak, Armed Forces Medical Examiner, for the terms thereof. Defendants admit that this letter was received and that a response was not sent due to the ongoing investigation. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

18. Defendants admit that plaintiff filed a FOIA request on June 14, 2007 and refer the Court to the FOIA request for the terms thereof.

19. Defendants admit that DOD's Office of Freedom of Information sent a letter to plaintiff, dated July 12, 2007, and refer the Court to that letter for the terms thereof.

20. Defendants admit that LCDR C.D. Connor of NCIS wrote a letter to plaintiff, dated August 16, 2007, and refer the Court to that letter for the terms thereof.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph and refer the Court to the letter from LCDR C.D. Connor of NCIS to plaintiff, dated August 16, 2007, for the terms thereof.

23. Defendants deny the allegations in this paragraph and refer the Court to the letter from LCDR CD Connor of NCIS to plaintiff, dated August 16, 2007, for the terms thereof.

24. Defendants deny the allegations in this paragraph.

25. Defendants admit that plaintiff wrote a letter to the office of the Judge Advocate General, dated October 11, 2007, appealing the denial of the FOIA request, and refer the Court to that letter for the terms thereof. Defendants affirmatively allege that defendants responded to the October 11, 2007 letter via a letter from Commander J.A. Protin to Lisa M. Kaas, dated

December 3, 2007, attached to the Complaint as Exhibit 5, and refer the Court to that December 3, 2007 letter for the terms thereof. Defendants deny the remaining allegations in this paragraph.

26. Defendants admit that Commander J.A. Protin wrote a letter to plaintiff, dated December 3, 2007, and refer the Court to that letter from for the terms thereof. Defendants deny the remaining allegations in this paragraph.

27. Defendants admit that plaintiff wrote a letter to Commander J.A. Protin, dated December 13, 2007, attached to the Complaint as Exhibit 6, and refer the Court to that letter for the terms thereof. Defendants deny the remaining allegations in this paragraph.

28. Defendants admit that Commander J.A. Protin wrote a letter to plaintiff, dated January 18, 2008, attached to the Complaint as Exhibit 7, informing plaintiff that an investigation was ongoing, and refer the Court to that letter for the terms thereof. Defendants deny the remaining allegations in this paragraph.

29. Defendants refer the Court to the January 18, 2008 letter from Commander Protin to plaintiff for the terms thereof. Defendants deny the remaining allegations in this paragraph

30. Defendants refer the Court to the January 18, 2008 letter from Commander Protin to plaintiff for the terms thereof.

31. Defendants admit the allegations in this paragraph.

32. Defendants admit that DOD's Office of Freedom of Information sent a letter to plaintiff, dated July 12, 2007, attached to the Complaint as Exhibit 2, plaintiff wrote a letter to DOD dated August 1, 2007, NCIS wrote a letter to plaintiff on August 16 2007, attached to the Complaint as Exhibit 3, plaintiff wrote a letter to the Office of the Judge Advocate General, dated October 11, 2007, attached to the Complaint as Exhibit 4, Commander Protin wrote a letter to plaintiff dated December 3, 2007, attached to the Complaint as Exhibit 5, plaintiff wrote a letter to Commander Protin, dated December 13, 2007, attached to the Complaint as Exhibit 6, Commander Protin wrote a letter to plaintiff dated January 18, 2008, attached to the Complaint as Exhibit 7, and defendants refer the Court to those letters for the terms thereof. Defendants deny the remaining allegations in this paragraph.

33.     The allegations in this paragraph contain conclusions of law to which no response is required but to the extent a response is required, they are denied.

34.     The allegations in this paragraph contain conclusions of law to which no response is required but to the extent a response is required, they are denied.

35.     The allegations in this paragraph contain conclusions of law to which no response is required but to the extent a response is required, they are denied.

The remaining paragraphs of the Complaint constitute plaintiff's requested relief, to which no response is required.  To the extent that a response is deemed necessary, defendant denies that plaintiff is entitled to the relief requested, or to any other relief.  Any allegation not specifically addressed is denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice, and awarding defendants costs and such other relief as the Court may deem appropriate.

Respectfully submitted this 6th day of April, 2008.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

 /s/ William B. Jaffe
WILLIAM B. JAFFE (NY Bar)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
Tel: (202) 353-7633
Fax: (202) 616-8460
william.jaffe@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., NW, Rm. 7226

Washington, D.C. 20001

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2008, a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

Dated: April 6, 2008

/s/ William B. Jaffe
WILLIAM B. JAFFE

**CERTIFICATION OF FAMILIARITY WITH LOCAL RULES**

I, William B. Jaffe, pursuant to Local Civil Rule 83.2(j), hereby certify that I am familiar with the Local Rules of the United States District Court for the District of Columbia, and other materials set forth in Local Civil Rules 83.8(b) and 83.9(a).

Dated: April 6, 2008

/s/ William B. Jaffe
WILLIAM B. JAFFE