```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

DICKSTEIN SHAPIRO LLP,

       Plaintiff,

v.                                    Civil Action No. 1:08CV226
                                                (STAMP)
DEPARTMENT OF DEFENSE and
DEPARTMENT OF THE NAVY,

       Defendants.

**ORDER DIRECTING THE DEFENDANTS TO FILE A REVISED**
***VAUGHN*** **INDEX AND DIRECTING THE PARTIES**
**TO FILE A JOINT STATUS REPORT**

      The plaintiff, Dickstein Shapiro LLP, filed this civil action against the Department of Defense and Department of the Navy (collectively the "Department of Defense"), alleging that the defendants improperly withheld agency records in response to a Freedom of Information Act ("FOIA") request.[1]  The defendants thereafter filed a motion for summary judgment, in which they argue that the Department of Defense discharged its statutory obligations under FOIA by conducting reasonably adequate searches and by withholding only information protected from disclosure by FOIA exemptions.

      The plaintiff filed a response in opposition arguing that summary judgment should be denied because genuine issues of material fact remain in dispute, specifically, the defendants' refusal to disclose documents pursuant to the plaintiff's FOIA

---

[1] The undersigned judge is presiding over this case by assignment.

request.  In support of this motion, the plaintiff claims that the defendants' declarations and Vaughn indices[2] fail to provide the detail necessary for the plaintiff or this Court to conduct a thorough review of the defendants' alleged exemptions.  The plaintiff also filed a cross-motion for in camera review, requesting that should this Court believe that further review is necessary to evaluate the claimed exemptions, it conduct an in camera review of those documents.

The defendants filed a reply, as well as a response opposing the plaintiff's cross-motion for in camera review.  The plaintiff thereafter filed a timely reply to its cross-motion.

Finding that it would be beneficial, this Court scheduled a telephonic status and scheduling conference to discuss the motions currently pending before it.  On December 17, 2009, this Court held a status and scheduling conference in this matter.  After hearing from the parties, this Court determined that a revised Vaughn index that refines and articulates in more the detail the reasons why the documents should be exempt would be helpful to this Court.

Accordingly, the defendants are DIRECTED to file a revised Vaughn index on or before **February 1, 2010**.  This revised index should include as much clarification on the exemptions as possible.  Also, the revised index should include any revisions that would be

---

[2]To meet its burden of proving the applicability of FOIA exemptions, the agency refusing disclosure must produce a detailed index ("Vaughn index") of documents withheld sufficient to enable a review of the claimed exemptions.  See Vaughn v. Rosen, 484 F.2d 820, 824 (D.C. Cir. 1973).

as a result of administrative policy or changes to the law that has occurred since the original Vaughn index was filed.

Furthermore, following receipt of the revised Vaughn index and an opportunity to review such index, the parties shall file a joint status report to this Court on or before **February 16, 2010**, apprising this Court of whether further briefing is desired in this matter, and if so, how it should proceed.  This status report should also discuss the matter and the methodology of supplying a sampling of documents for an in camera review, should this Court choose to conduct one in the future.

This order is confirming the pronounced order of this Court at the status and scheduling conference on December 17, 2009.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    December 21, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE