```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

DICKSTEIN SHAPIRO LLP,

    Plaintiff,

v.                              Civil Action No. 1:08CV226
                                             (STAMP)
DEPARTMENT OF DEFENSE and
DEPARTMENT OF THE NAVY,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING AS FRAMED
PLAINTIFF'S CROSS-MOTION FOR IN CAMERA REVIEW**

I.  Background

The plaintiff, Dickstein Shapiro LLP, filed this civil action against the Department of Defense and Department of the Navy (collectively the "Department of Defense"), alleging that the defendants improperly withheld agency records in response to a Freedom of Information Act ("FOIA") request.[1] The defendants thereafter filed a motion for summary judgment, in which they argue that the Department of Defense discharged its statutory obligations under FOIA by conducting reasonably adequate searches and by withholding only information protected from disclosure by FOIA exemptions.

The plaintiff filed a response in opposition arguing that summary judgment should be denied because genuine issues of material fact remain in dispute, specifically, the defendants' refusal to disclose documents pursuant to the plaintiff's FOIA

---

[1]The undersigned judge is presiding over this case by assignment.

request. In support of this motion, the plaintiff claims that the defendants' declarations and Vaughn indices[2] fail to provide the detail necessary for the plaintiff or this Court to conduct a thorough review of the defendants' alleged exemptions. The plaintiff also filed a cross-motion for in camera review, requesting that should this Court believe that further review is necessary to evaluate the claimed exemptions, it conduct an in camera review of those documents.

The defendants filed a reply, as well as a response opposing the plaintiff's cross-motion for in camera review. The plaintiff thereafter filed a timely reply to its cross-motion.

Finding that it would be beneficial, this Court scheduled a telephonic status and scheduling conference to discuss the motions currently pending before it. On December 17, 2009, this Court held a status and scheduling conference in this matter. After hearing from the parties, this Court determined that a revised Vaughn index that refines and articulates in more detail the reasons why the documents should be exempt would be helpful to this Court.

Accordingly, the defendants were directed to file a revised Vaughn index on or before February 1, 2010. Furthermore, following receipt of the revised Vaughn index and an opportunity to review such index, the parties were ordered to file a joint status report

---

[2]To meet its burden of proving the applicability of FOIA exemptions, the agency refusing disclosure must produce a detailed index ("Vaughn index") of documents withheld sufficient to enable a review of the claimed exemptions. See Vaughn v. Rosen, 484 F.2d 820, 824 (D.C. Cir. 1973).

to this Court apprising this Court of whether further briefing was desired in this matter, and if so, how it should proceed. This status report was also to discuss the matter and the methodology of supplying a sampling of documents for an in camera review, should this Court choose to conduct one in the future.

Thereafter, the following documents were filed: (1) defendants' response to order of the court; (2) defendants' second response to order of the court; (3) defendants' third response to order of the court; (4) parties' joint status report; (5) plaintiff's supplement to joint status report; (6) defendants' supplemental brief in support of their motion for summary judgment and opposition to plaintiff's cross-motion for in camera review; and supplement to plaintiff's opposition to defendants' motion for summary judgment and cross-motion for in camera review. For the reasons set forth below, this Court grants as framed the plaintiff's cross-motion for in camera review.

## II.   Discussion

A.   In Camera Review, In General

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). The government agency has the burden of establishing the adequacy of its search for the requested documents. Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).

The FOIA also places the burden of justifying nondisclosure on the government agency.  5 U.S.C. § 552(a)(4)(B).  Thus, the government agency has the burden to demonstrate that any document withheld falls within a stated exemption.  See 5 U.S.C. § 552(a)(4)(B) ("the burden is on the agency to sustain its action [of withholding a record under a stated exemption]").  Moreover, the FOIA exemption must be narrowly construed in favor of disclosure.  Wickwire Gavin, P.C. v. U.S. Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004). Accordingly, FOIA requires that "any reasonable segregable portion of the record shall be provided . . . after deletion of the portions which are exempt . . . ."  5 U.S.C. § 552(b).

Subsection 552(b) delineates nine exemptions to the disclosure requirement.  The government agency's burden of proving that an exemption applies may be met through affidavits which must be relatively detailed, nonconclusory and submitted in good faith. See Simmons v. United States Dep't of Justice, 796 F.2d 709, 711 (4th Cir. 1986).  The Fourth Circuit has stated that:

> If the government fairly describes the contents of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, a district court should uphold the government's position.  The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

Spannaus v. United States Dep't of Justice, 813 F.2d 1286, 1289 (1987)(citing Barney v. IRS, 618 F.2d 1268, 1272 (8th Cir. 1980)).

The plaintiff contends that the defendants have not met their burden to justify the withholding of documents under the following four exemptions:

> (1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such executive order;
>
> . . .
>
> (2) related solely to the internal personnel rules and practices of an agency;
>
> . . .
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
>
> . . .
>
> (7)(E) records or information compiled for law enforcement records or information [which] would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

5 U.S.C. §§ 552(b)(1), (b)(2), (b)(5)(C) and (b)(7)(E). The plaintiff, therefore, argues that an in camera review is necessary to evaluate these claimed exemptions. Indeed, in camera review is appropriate in a case such as this, the plaintiff contends, where "the agency affidavits merely parrot the language of the statute and are drawn in conclusory terms, [and] the court's responsibility to conduct de novo review is frustrated." Allen v. Cent. Intelligence Agency, 636 F.2d 1287, 1298 (D.C. Cir. 1980). The

defendants, in turn, argue that they have demonstrated the adequacy of their search as to the FOIA requests.

Title 5, United States Code, Section 552, provides that the court "may examine the contents of such agency records <u>in camera</u> to determine whether such records or any part thereof shall be withheld under any of the exemptions." Whether <u>in camera</u> review is necessary is within the discretion of the district court. <u>Robbins Tire & Rubber Co.</u>, 437 U.S. at 224. In <u>EPA v. Mink</u>, 410 U.S. 73 (1973), the Supreme Court explained:

> Plainly in some situations, <u>in camera</u> inspection will be necessary and appropriate. But it need not be automatic. An agency should be given the opportunity, by means of detailed affidavits or oral testimony, to establish to the satisfaction of the District Court that the documents sought fall clearly beyond the range of material that would be available to a private party in litigation with the agency.

<u>Id.</u> at 93.

After a review of the defendants' <u>Vaughn</u> indices and attached declarations, this Court finds that an <u>in camera</u> review is necessary, as these documents fail to allow this Court to determine whether the government has met its burden of demonstrating that the withheld documents or information contained therein fall within the claimed exemptions.

B.  <u>Type of In Camera Review</u>

"Whether and how to conduct an <u>in camera</u> examination of the documents rests in the sound discretion of the court, in national security cases as in all other cases." <u>Ray v. Turner</u>, 587 F.2d 1187, 1194 (D.C. Cir. 1978). Courts have generally employed two

sampling procedures for in camera review, those being representative sampling and random sampling.  Under representative sampling, documents are selected that are "representative" of those being withheld and submitted to the court for in camera review. Bonner v. U.S. Dep't of State, 928 F.2d 1148 (D.C. Cir. 1991). Whether the government selects the documents to produce, or whether the plaintiff is involved in this selection is usually dependent on whether the plaintiff has any information on the nature of the records being withheld.  Conversely, random sampling provides that the government will select, for example, every tenth document at issue to deliver to the court.  See e.g. Meeropol v. Meese, 790 F.2d 942 (D.C. Cir. 1986).

In their joint status report, the parties in this case dispute which sampling procedure is appropriate.  The plaintiff's position is that representative sampling is appropriate, and that the plaintiff be permitted to designate the records to be included for the in camera review.  Nevertheless, the plaintiff does not oppose the defendants selecting half of the sample, while the plaintiff selects the other half.  The plaintiff contends that whoever selects the documents, that a 10% sample is appropriate in this case.

In contrast, the defendants argue that a random sampling of 5% of the records is appropriate.  Should this Court adopt the representative sampling approach, however, the defendants request

that they be allowed to choose half of the total percentage of all records ordered for the in camera review.

For reasons appearing to the Court, this Court holds that representative sampling of five percent of the documents is the appropriate sampling procedure in this civil action.  Under this method, the defendants will select half of the sample, followed by the plaintiff's selection of the other half of the sample.  The selected documents shall fairly and equally represent the particular FOIA exemptions at issue.  The parties shall submit to the undersigned judge at his office at United States Courthouse, P.O. Box 791, Wheeling, West Virginia, 26003 (or United States Courthouse, Room 228, 1125 Chapline Street, Wheeling, West Virginia, 26003) the subject documents on or before **September 15, 2010** for an in camera inspection for the undersigned judge to review.  However, if the defendants believe that for security purposes some other method of delivery is necessary, it shall promptly advise this Court.  The office of the United States Attorney for the Northern District of West Virginia and the local officers of the Federal Bureau of Investigation are also located in the above-mentioned courthouse in Wheeling, West Virginia.

If the parties determine that they will need additional time to prepare this sampling, they shall immediately contact this Court by motion providing this Court with a requested date to file the documents.

### III.  Conclusion

For the reasons set forth above, the plaintiff's cross-motion for <u>in camera</u> review is hereby GRANTED AS FRAMED. The parties shall comply with the procedures outlined above.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    August 2, 2010

<u>/s/ Frederick P. Stamp, Jr</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE